THE UNITED STATES DISTRICT COURT
FOR THE VIRGIN ISLANDS

GEORGE R. SIMPSON : CIVIL ACTION
    Plaintiff, :
    v. :
     :
GEORGE WOOD : NO. 07-47[1]
    Defendant :

MEMORANDUM

Stengel, J.                                                                                      January 7, 2010

      Plaintiff George Simpson claims he was injured by Attorney George Wood when Mr. Simpson and his wife owned a condominium at the Sapphire Bay Condominiums West where Mr. Wood was a board director. Mr. Simpson no longer owns the condominium and, therefore, lacks standing to allege the board members are not proper directors pursuant to condominium rules and regulations. Moreover, Mr. Simpson was bound by an arbitration clause contained in the Sapphire Bay Condominium West's Bylaws, and was required to arbitrate his claims regarding Mr. Wood's allegedly inappropriate conduct toward Mr. Simpson. I will grant summary judgment for Mr. Wood and dismiss the case with prejudice.

---

[1] Because the cases have been consolidated, this memorandum shall be docketed under Bd. of Directors of Sapphire Bay Condominiums v. Simpson, Case No. 04-62.

I.  **BACKGROUND**[2]

Mr. Simpson and his wife, Jean Simpson, bought a condo (unit C-4) at Sapphire Bay Condominiums West on January 29, 2003.  They owned the property for less than three years, during which time they sought permission from the Board of Directors of the Sapphire Bay Condominium West to change their windows.  When Simpson's request was denied, he began a campaign against Sapphire Bay Condominium West that included establishing web-sites and filing lawsuits.

The Sapphire Bay Condominium West Declaration at Article XVI states that all owners, both present and future, tenants and occupants of units shall comply with the provisions of the Declarations, by-laws, and rules and regulations.  See Notice of Motion for Summary Judgment at Exh. 1 at 9-10.  Acceptance of a deed or conveyance constitutes an agreement, acceptance and ratification and all "such provisions shall be deemed and taken to be covenants that run with the land" and "shall bind any person having any interest or estate in such unit, as though such provisions were recited and stipulated at length in each and every deed or lease thereof."  Id.  The by-laws were filed on December 15, 1969, amended on September 22, 1991 and filed on January 22, 1996 in the St. Thomas Recorder's Office.  The by-laws in effect during Mr. Simpson's relevant ownership period were amended on September 22, 2001 and filed on October 6, 2004 in

---

[2] The following factual recitation is gleaned from Simpson's response to Wood's motion for summary judgment, as well as evidence in the record.  The evidence has been viewed in the light most favorable to Simpson, the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

the St. Thomas Recorder's Office.

During the time the Simpsons owned their unit, they were subject to the Sapphire Bay Condominium West by-laws, including Article XI which stated "If informal discussion of any disputes between a unit owner and the Board shall fail to resolve the controversy, the issue shall be referred to arbitration." See Notice of Motion for Summary Judgment at Exh. 2 at Art. XI. Mr. Simpson's claims arising out of his dispute with Sapphire Bay Condominium West were not arbitrated.

On September 15, 2005, the Simpsons sold their condo for $240, 000.00.

## II.     STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" when a reasonable jury could return a verdict for the non-moving party based on the evidence in the record. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" when it could affect the outcome of the case under the governing law. Id.

A party seeking summary judgment initially bears responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v.

Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial Celotex burden can be met simply by demonstrating "to the district court that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Summary judgment is therefore appropriate when the non-moving party fails to rebut by making a factual showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Under Rule 56 of the Federal Rules of Civil Procedure, the court must view the evidence in the record in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Anderson, 477 U.S. at 255. The court must decide not whether the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. Id. at 252. If the non-moving party has produced more than a "mere scintilla of evidence" demonstrating a genuine issue of material fact, then the court may not credit the moving party's version of events against the opponent, even if the quantity of the moving party's evidence far outweighs that of its opponent. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## III. DISCUSSION

### A. Standing

Standing ensures "plaintiffs have a 'personal stake' or 'interest' in the outcome of the proceedings, 'sufficient to warrant . . . [their] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on . . . [their] behalf.'" Khodara Environmental, Inc., 376 F.3d at 193 (quoting Joint Stock Soc'y v. UDV N. Am., Inc, 266 F.3d 164, 175 (3d Cir. 2001)). At a minimum there must be "(1) an injury in fact, (2) a casual relationship between the injury and the challenged conduct; and (3) a likelihood that the injury will be redressed by a favorable decision." Khodara Environmental, Inc., 376 F.3d at 196 (quoting United Food and Commercial Union Local 751, 517 U.S. at 551). To have standing a plaintiff "must allege that he himself suffers some 'injury in fact' by reason of the action sought to be challenged." Julien v. Gov't of Virgin Islands, 961 F. Supp. 852, 855 (D.V.I. 1997) (quoting Dash v. Mitchell, 356 F. Supp. 1292, 1295 (D.C.D.C. 1972)).

Simpson has no standing to bring count one, which alleges fraud, or count two, which alleges misrepresentation. In counts one and two, Mr. Simpson alleges Mr. Wood misrepresented the qualifications of directors on the Board of Directors for the Condominium Association. He sold his condo unit at SBCW more than three years ago,

5

on September 13, 2005, and two years before he commenced this lawsuit.³ Because Mr. Simpson does not own a condominium at Sapphire Bay Condominium West, he lacks standing to allege the Board members are not proper. He does not have a personal stake or interest in the outcome of the case, he will suffer no injury if, as he alleges, board members were not properly elected to the board, and he would not benefit from any remedy ordered. See Gagliardi v. Kratzenberg, 404 F. Supp. 2d 858, 864 (W.D. Pa. 2005) (former owner lacked standing).

### B. Arbitration Clause

Mr. Simpson was bound to arbitrate any dispute he had against Mr. Wood regarding count three, alleging misfeasance and malfeasance, count four, alleging defamation, and count five, alleging intentional infliction of emotional distress.

Congress enacted the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, to overcome judicial resistance to arbitration. Buckeye Check Cashing, Inc. v. Cardegna, 126 S.Ct. 1204, 1207 (2006).⁴ "[U]pon being satisfied that the making of the agreement for arbitration . . . is not in issue, the court shall make an order directing the parties to

---

³ See warranty deed showing the Simpsons conveyance of apartment C-4 to Jaime Iribarren and Linda Iribarren (Motion for Summ. J., Ex. 14)

⁴ The FAA provides: "[a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. If a party to an agreement that requires arbitration alleges wrongdoing that involves matters covered by an arbitration agreement, "the claims must be arbitrated, regardless of the legal labels ascribed to them." RCM Tech., Inc. v. Brignik Tech., Inc., 137 F.Supp.2d 550, 553 (D.N.J. 2001). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 91 (2000) (citing Gilmer v. Interstate/Johnson Lane Corp, 500 U.S. 20, 26 (1991)).

Under the FAA, courts must enforce written agreements to arbitrate disputes. Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 111 (2001) ("The FAA compels judicial enforcement of a wide range of written arbitration agreements."); see also Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir.2003). To determine whether this matter must be submitted to arbitration, this court must first address the scope of this arbitration clause. Second, the court must determine whether or not each claim is covered by the arbitration clause.

First, the arbitration clause applies to " any disputes between a unit owner and the Board." Therefore, the scope of the clause is broad. See Calamia v. Riversoft, Inc., Civ. No. 02-1094, 2002 Dist. LEXIS 23855 at *9 (E.D.N.Y. Dec. 13, 2002) (distinguishing between narrow and broad arbitration clauses, and noting the "paradigm broad clause ... allows arbitration for 'any claim or controversy arising out of or relating to the

7

agreement'. . . ."). With broad arbitration agreements, "[i]f the allegations underlying claims, 'touch matters' covered by the arbitration clause in a contract, then those claims must be arbitrated, whatever the legal labels attached to them." Brayman Constr. Corp. v. Home Ins. Co., 319 F.3d 622, 626 (3d Cir.2003) (citing Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 846 (2d Cir.1987)).

Second, Mr. Simpson's misfeasance and malfeasance count, defamation count, and intentional infliction of emotional distress count are covered by the arbitration clause. Although Mr. Simpson alleges his suit is against Mr. Wood in his individual capacity, his allegations involve Mr. Wood's conduct as a board member.[5] See Notice of Removal at Complaint, Simpson v. Wood, No. 07-47 (D.V.I. filed Mar. 12, 2007). For example, Mr. Simpson alleges Mr. Wood engaged in misfeasance because he "deliberately acted, and caused the Board to act in a way that harmed Mr. Simpson's reputation, harassed Mr. Simpson, and prevented him and his wife from being able to quietly enjoy their home. In addition, Mr. Simpson alleges Mr. Wood defamed him because, although Mr. Wood "acting as a Board Member and President of the Board, had a fiduciary responsibility to be fair with all owners," he defamed Mr. Simpson and his wife in letters to owners and at Board meetings. See Complaint at ¶¶ 62-86.

Therefore, because the allegations involve Mr. Wood's conduct as a Board

---

[5] Moreover, members of the board of directors are not "liable to unit owners for any mistake of judgment, negligence or otherwise, except for their own individual willful misconduct or bad faith." See Motion for Summary Judgment at Exh. 2 at Art. IV, § 15.

member during board meetings and activities they "'touch matters' covered by the arbitration clause," and the allegations should have been arbitrated. See <u>Brayman Constr. Corp. v. Home Ins. Co.</u>, 319 F.3d 622, 626 (3d Cir.2003).

Accordingly, I will grant Mr. Wood's summary judgment motion.

An appropriate order follows.