THE UNITED STATES DISTRICT COURT
FOR THE VIRGIN ISLANDS
(St. THOMS DIVISION)

| | | |
|---|---|---|
| THE BOARD OF SAPPHIRE BAY CONDOMINIUMS WEST | : : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : : | |
| GEORGE R. SIMPSON, et al. | : | NO. 04-62 |
| Defendants | : | |

OPINION

**Stengel, J.**                                                              **June 14, 2010**

George Simpson owned a condominium at Sapphire Bay Condominiums West. After a dispute with the Board of Directors, he created a website entitled "Sapphire Bay Condominiums West, St. Thomas, V.I." The website contained statements critical of the Board of Directors of Sapphire Bay Condominiums West. The Board of Directors filed a complaint and a motion for a preliminary injunction, which was granted. The Board of Directors then filed this motion for summary judgment. For the reasons set forth below, I will deny the motion.

**I.    BACKGROUND**

George Simpson purchased Unit C-4 of Sapphire Bay Condominiums West in July 2003. Mr. Simpson requested permission to change his condominium windows. The Board of Directors for Sapphire Bay West Condominiums denied his request. Following this denial, Mr. Simpson registered the internet domain name sapphirebaycondos.com,

1

and operated a website at this domain name. The page was entitled "The Official Website of Sapphire Bay Condominiums West – St. Thomas, V.I." and published statements critical of the Board of Directors, its members, and its attorney.

The Board of Directors sent Mr. Simpson a cease and desist letter. Mr. Simpson changed the page's slogan to "The Owners Official Website for the Elimination of Dishonesty of the Board of Directors of Sapphire Bay Condominiums West, St. Thomas, VI." In early June 2004, Mr. Simpson assigned the registered domain name to North American Alliance for Honest Corporate Management. On June 18, 2004, Mr. Simpson attempted to register similar trade names with the Corporations and Trademarks Division of the Office of the Lieutenant Governor of the Virgin Islands. The trade names included "Sapphire Bay West," "Sapphire Bay Condos West," "Sapphire Bay West Condos," "Sapphire Bay Condominiums West," Sapphire Beach Condominiums West," and "Sapphire Beach West." Although initially granted, the Trademarks Division revoked the registrations when it determined the names were registered to Bayside Resort, Inc.

The Board of Directors filed an action alleging Lanham Act violations and common law unfair competition, anti-dilution, tortious interference, trademark infringement, deceptive trade practices and misappropriation claims. Verified Complaint, <u>The Bd. of Dirs. of Sapphire Bay Condo. W. v. Simpson</u>, No. 04-62 (D.V.I. filed June 2, 2004).

The Board of Directors filed a motion for a temporary restraining order and

preliminary injunction. The Honorable Thomas K. Moore conducted a hearing and granted the Board of Director's motion for a preliminary injunction. Order, The Bd. of Dirs. Sapphire Bay Condo. W. v. Simpson, 04-62 (D.V.I. Aug. 10, 2004). Mr. Simpson appealed the issuance of the preliminary injunction to the United States Court of Appeals for the Third Circuit, which affirmed the district court. Bd. of Dirs. of Sapphire Bay Condo. W. v. Simpson, 129 Fed. Appx. 711, 715 (3d Cir. 2005).

## II.   STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" when a reasonable jury could return a verdict for the non-moving party based on the evidence in the record. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" when it could affect the outcome of the case under the governing law. Id.

A party seeking summary judgment initially bears responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial Celotex burden can be met simply

by demonstrating "to the district court that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Summary judgment is therefore appropriate when the non-moving party fails to rebut by making a factual showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Under Rule 56 of the Federal Rules of Civil Procedure, the court must view the evidence in the record in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Anderson, 477 U.S. at 255. The court must decide not whether the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. Id. at 252. If the non-moving party has produced more than a "mere scintilla of evidence" demonstrating a genuine issue of material fact, then the court may not credit the moving party's version of events against the opponent, even if the quantity of the moving party's evidence far outweighs that of its opponent. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## III. DISCUSSION

### A. Whether the Claims are Barred by Issue Preclusion or Law of the Case

The Board of Directors argues summary judgment is appropriate because issue preclusion and the law of the case bar re-litigating the issues determined at the injunction hearing.[1] Plaintiff's Motion for Summary Judgment and Brief in Support at 13.

The Board of Directors maintains Judge Moore's order granted both a preliminary and permanent injunction. Although at the hearing Judge Moore stated "I will grant the preliminary injunction and permanent injunction," see Preliminary and Permanent Injunction Hearing, Volume 2 of 2, at 162:11-12, the order issued after the hearing ordered only a preliminary injunction, Order, The Bd. of Dirs. Sapphire Bay Condo. W. v. Simpson, 04-62 (D.V.I. filed Aug. 10, 2004). In addition, at the hearing, Judge Moore discussed the likelihood the parties would have a final trial. See Preliminary and Permanent Injunction Hearing, Volume 2 of 2, at 168:12-14. The Third Circuit, which reviewed Judge Moore's ruling, addressed only the preliminary injunction.[2] Bd. of Dirs.

---

[1] The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983). The law of the case doctrine applies "to issues expressly decided by a court in prior rulings and to issues decided by necessary implication." Bolden v. Se. Pa. Transp. Auth., 21 F.3d 29, 31 (3d Cir. 1994).

Issue preclusion "operate[s] to preclude relitigation of an issue that has been previously decided." Risk v. Burgettstown Borough, PA, 2010 WL 489475, at *5 (3d Cir. Feb. 12, 2010) (citing New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001)).

[2] A court can issue a preliminary injunction if it is "convinced of the following four elements: (1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to

of Sapphire Bay Condo. W., 129 Fed. Appx. at 715. Judge Moore, therefore, granted only a preliminary injunction, not a permanent injunction.

A court's prior grant of a preliminary injunction is irrelevant to whether summary judgment is appropriate. Doebler's Pennsylvania Hybrids, Inc. v. Doebler, 442 F.3d 812, 820 (3d Cir. 2006). "Inferences concerning credibility that were previously made in ruling on [a] motion for a preliminary injunction cannot determine [a] Rule 56(c) motion and should not be used to support propositions that underpin the decision to grant the motion for summary judgment." Id. (quoting Country Floors, Inc. v. P'ship Composed of Gepner and Ford, 930 F.2d 1056, 1062 (3d Cir. 1991) (alterations in original)). The credibility determinations underlying a bench verdict are "inappropriate to the legal conclusions necessary to a ruling on summary judgment." Id. (quoting Country Floors, 930 F.2d at 1062).[3]

Although Judge Moore determined the Board of Directors was entitled to a preliminary injunction, and the Third Circuit affirmed this conclusion, there has been no determination whether the Board of Directors is entitled to judgment as a matter of law. In addition, the credibility determinations on which Judge Moore based his

---

which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." Shire U.S. Inc. v. Barr Labs., Inc., 329 F.3d 348, 352 (3d Cir.2003).

[3] In addition, "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 718 (3d Cir. 2004) (quoting Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981)).

determinations cannot support summary judgment. See Doebler's Pennsylvania Hybrids, Inc., 442 F.3d at 820.

Accordingly, I find issue preclusion and the law of the case do not mandate summary judgment.

### B. Whether the Board of Directors is Entitled to Judgment as a Matter of Law

The Board of Directors argues it is entitled to judgment as a matter of law based on Mr. Simpson's testimony at the preliminary injunction hearing and Judge Moore's order granting a preliminary injunction. For most of the claims, the Board of Directors does not cite the elements of the causes of actions, or what evidence supports each element. Plaintiff's Motion for Summary Judgment and Brief in Support, The Bd. of Dirs. Of Sapphire Bay Condos. W. v. Simpson, No. 04-62 (D.V.I. filed Dec 28, 2005). In addition, although the Board of Directors discusses the elements for its trademark infringement claim, it relies on the preliminary injunction hearing testimony. See Plaintiff's Motion for Summary Judgment at 9-13. Such testimony raises issues of credibility, which are for a jury. See Doebler's Pennsylvania Hybrids, Inc., 442 F.3d at 820 (summary judgment cannot be based on credibility determinations).

Accordingly, I will deny the Board of Director's motion for summary judgment.[4]

---

[4] The Board of Directors also argues default should be entered because Mr. Simpson failed to file an answer. According to the docket, Mr. Simpson filed a response to the first amended complaint on September 8, 2006.

See Celotex Corp., 477 U.S. at 322 (party seeking summary judgment must inform court of the basis for its motion and identify the portions of the record it believes demonstrate the absence of a genuine issue of material fact).

### C. Whether Mr. Simpson Waived His Right to Arbitration

Mr. Simpson argues the Board of Directors should have submitted its claims for arbitration. Defendant's Response to Plaintiff's Motion for Summary Judgment at ¶ 2, Bd. of Dirs. Sapphire Bay Condo. W., No. 04-62 (D.V.I. filed Aug. 15, 2006). Even if trademarks allegations are subject to the arbitration agreement, I find Mr. Simpson has waived his right to enforce arbitration.

The Federal Arbitration Act, 9 U.S. C. § 1, et seq., "establishes a policy in favor of arbitration." S. Broward Hosp. Dist. v. Medquist, Inc., 258 Fed. Appx. 466, 467 (3d Cir. 2007) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)). "'Prejudice is the touchstone for determining whether the right to arbitrate has been waived' by litigation conduct." Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 233 (3d Cir. 2007) (quoting Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 925 (3d Cir. 1992)). To determine prejudice, courts consider the "following non-exclusive list of factors: (1) the timeliness or lack of a motion to arbitrate; (2) the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims; (3) whether the party has informed its adversary of the intention to seek arbitration even if it

8

has not yet filed a motion to stay the District Court proceedings; (4) the extent of that party's non-merits motion practice; (5) its assent to the District Court's pretrial orders; and (6) the extent to which the parties have engaged in discovery." Id. (citing Hoxworth, 980 F.2d at 926-27). Waiver has been found "where the demand for arbitration came long after the suit commenced and when both parties have engaged in extensive discovery." S. Broward Hosp. Dist., 258 Fed. Appx. at 467 (quoting PaineWebber Inc. v. Faragalli, 61 F.3d 1063, 1068-69 (3d Cir. 1995)).

Mr. Simpson did not raise his right to compel arbitration until after the court addressed his original motion to dismiss, the court held a preliminary injunction hearing, the court issued an order granting a preliminary injunction, and Mr. Simpson appealed this order. In addition, although Mr. Simpson owned the condominium at the time the lawsuit was filed, he did not own the condominium when he raised the Board of Director's failure to arbitrate the claims. I find Mr. Simpson waived the right to compel arbitration.

An appropriate order follows.