THE UNITED STATES DISTRICT COURT
FOR THE VIRGIN ISLANDS
(St. Thomas Division)

| | | |
|---|---|---|
| THE BOARD OF SAPPHIRE BAY CONDOMINIUMS WEST | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| GEORGE R. SIMPSON, et al. | : | NO. 04-62 |
| Defendants | : | |

OPINION

**Stengel, J.**                                                                                           **June 16, 2010**

Alan R. Feuerstein, Andrew Capedeville, and George Wood have filed a motion to enforce a subpoena and request service by email. The subpoena requests the production of documents by Virtual Hosting Services aka Nova Network Hosting.

I.   BACKGROUND

Virtual Hosting Services is Mr. Simpson's internet service provider. Plaintiffs issued a subpoena directing Virtual Hosting Services to give testimony and supply documents.

Plaintiffs request the subpoena be served on Virtual Hosting Services through email because the internet service provider has no physical address. Its address is a post office box. The Honolulu sheriff's office attempted to serve the subpoena but could not find a physical address for the internet service provider.

II.     DISCUSSION

Federal Rule of Civil Procedure 45(b)(1) provides: "[s]erving a subpoena requires delivering a copy to the named person." In Bank of Oklahoma v. Arnold, 2008 WL 482860, at *2 (N.D. Ok. Feb. 20, 2008), the United States District Court for the Northern District of Oklahoma addressed whether a subpoena could be served by email or facsimile. The Arnold court denied the government's request to serve a subpoena by email or facsimile. The court noted "[t]he longstanding interpretation of Rule 45 has been that personal service of subpoenas is required." Bank of Oklahoma v. Arnold, 2008 WL 482860, at *2 (N.D. Ok. Feb. 20, 2008) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2454).[1] Courts literally construe the term "delivering" "with reference to the person to be served." Id. (quoting Wright & Miller §

---

[1] In Arnold, the government made numerous efforts to locate and serve a subpoena on a Glacier International Depository Bank by personal service. The government attempted service at the address listed on the Glacier's website. The only person located at this address informed the government he did not have authority to accept service and did not know where to deliver the subpoena or who to call. The government then emailed Glacier and requested a mailing address. In a response, Glacier informed the government all requests for information must be processed through the Department of the Interior and the Blackfeet Tribal Council. The government requested that Glacier accept service by facsimile. Glacier refused and informed the government to send a letter listing the information requested. The government contacted Sovereign Blackfeet Nation, which informed the government the Blackfeet Tribal Business Council did not have a current relationship or affiliation with Glacier. The Tribe forwarded a resolution confirming they no longer had involvement with Glacier. The government then attempted to serve a subpoena at the last known address of Louis Roman, who allegedly operated a company affiliated with Glacier. A person refusing to open the door informed the process server that Mr. Roman no longer lived at that address. The process server conducted a postal trace and learned Mr. Roman had not requested an address change. The government then contacted the Connecticut Department of Banking and the Montana Department of Banking and Financial Institutions. These institutions were unable to find information for Glacier.

2

2454). Leaving a copy of the subpoena at a residence with a witness or service on a person's lawyer does not suffice. Id. (quoting Wright & Miller § 2454)

The Arnold court noted there was "an 'emerging minority position' that 'service of a subpoena under Rule 45 [is] proper absent personal service.'" Bank of Oklahoma, 2008 WL 482860, at *2 (quoting Wright & Miller at § 2454) (alteration in original). The minority view reasons Rule 45(b)(1)'s language "is ambiguous and should be considered in context of Rule 45 as well as other federal rules." Bank of Oklahoma, 2008 WL 428860, at *3. This view notes Rule 45(b)(3) states: "[p]roviding service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and of the names of persons served. The statement must be certified by the server." The manner of service requirement would be superfluous if the Rule required personal service. Arnold, 2008 WL 482860, at *3 (citing Western Resources, Inc. v. Union Pacific Railroad Co., 2002 WL 1822432, at *2 (D. Kan. July 23, 2002)). The courts also reason Rule 4(e)(2)(A)'s language requiring that "delivering" of a summons and complaint be done "personally" would be surplusage. Id. (citing Western Resources, Inc., 2002 WL 1822432, at *2). In addition, Rule 1's requirement that courts "'secure the just, speedy, and inexpensive determination of every action and proceeding' supports a less restrictive reading of 'delivering.'" Id.

The Arnold court noted, however, that Rule 45 most recently was amended in 2007, after the minority opinions had been issued. The amendments did not alter the

3

personal service requirement.  See Arnold, 2008 WL 1822432, st *3.

Pursuant to Rule 45's language, the Rule requires personal service of a subpoena. In addition, as the court reasoned in Arnold, "[e]ven if . . . Rule 45 does not restrict the manner of service of a subpoena to personal service, the cases so holding have limited alternative service to that permitted under Rule 4 and have not extended it to email or facsimile." Id., at *3.  Therefore, the motion to enforce subpoena and for email service will be denied.

An appropriate order follows.