## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE VIRGIN ISLANDS

| | | |
|---|---|---|
| GEORGE R. SIMPSON | : | CIVIL ACTION |
| | : | |
| | : | NO. 07-51[1] |
| v. | : | |
| | : | |
| | : | |
| ANDREW CAPDEVILLE and | : | |
| ALAN R. FEUERSTEIN | : | |
| | : | |

### MEMORANDUM

**STENGEL, J.**                                                           **MARCH  31,  2011**

Before selling his condominium unit at Sapphire Bay Condominiums West ("Sapphire Bay") on September 15, 2005, pro se Plaintiff became embroiled in a dispute with the Board of Directors of Sapphire Bay, leading to a plethora of lawsuits.  In this case filed on March 15, 2007, Plaintiff brings suit against the two attorneys representing Sapphire Bay in its dispute with Plaintiff.  Plaintiff alleges causes of action for false arrest, false imprisonment, assault and battery and violations of the Fifth and Fourteenth  Amendments to the United States Constitution involving denial of due process and denial of the right to travel.  Presently before the Court is Defendants' Motion for Summary Judgment.  For the reasons that follow, the Motion is granted

Summary judgment shall be granted  "if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue is "'genuine'. . .  if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

---

[1] Because the cases have been consolidated, the clerk of this court shall docket this order under Bd. of Directors of Sapphire Bay Condominiums v. Simpson, Case No. 04-62.

248 (1986). A dispute is "material" if it might affect the outcome of the case under governing law. Id. "Speculation, conclusory allegations and mere denials are insufficient to raise genuine issues of material fact." Boykins v. Lucent Tech., Inc., 78 F.Supp. 2d 402, 408 (E.D.Pa. 2000). The evidence presented must be viewed in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255; Lang v. New York Life Ins. Co., 721 F.2d 118, 119 (3d Cir. 1983).

Defendants first argue that they are entitled to summary judgment because the Court lacks subject matter jurisdiction. Specifically, Defendants contend that the parties are not completely diverse for purposes of diversity jurisdiction and the Defendants are not state actors for purposes of federal question jurisdiction under 42 U.S.C. § 1983. The Court agrees.

Jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of the parties; that is, no plaintiff can be a citizen of the same state as any of the defendants. Carden v. Akoma Assocs., 494 U.S. 187 (1990). For diversity purposes, citizenship of the parties is determined as of the time the complaint was filed. Smith v. Sperling, 354 U.S. 91, 93 n. 1(1957); Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir.1995).

A person is considered a citizen of a state if that person is domiciled within that state and is a citizen of the United States. See generally, Charles A. Wright, Arthur R. Miller & Edward H. Cooper, 13B Federal Practice & Procedure § 3611, at 507. For purposes of determining diversity, state citizenship of a natural person is treated as synonymous with domicile. Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972). Domicile, however, is not necessarily synonymous with residence; one can reside in one place and be domiciled in another. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989); Krasnov, 465 F.2d at 1300 ("Where one lives is prima facie evidence of domicile, but mere residency in a state is

insufficient for purposes of diversity.") (internal citations omitted).

Two elements typically are necessary to establish domicile: (1) residence; and (2) an intent to make the place of residence one's home.  Krasnov, 465 F.2d at 1300.  Thus, a person normally acquires a domicile voluntarily by residing in a place with an intention to remain there indefinitely.  Id. at 1300-01; Federal Practice & Procedure § 3612, at 526 ("It is often said that the domicile of a person is the place where an individual has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.").

In his Complaint, Plaintiff alleges that "Plaintiff, George R. Simpson resides in Southampton, New York, and has an address at P.O. Box 775, Hampton Bays, New York 11946. George R. Simpson, for the period April 1, 2003 through September 14, 2005 was a resident of St. Thomas, U.S. Virgin Islands. . . Complaint at ¶ 1.  Based on this unrefuted allegation, the Court concludes that Plaintiff is a citizen of the State of New York.

In the Answer to the Complaint. Defendant Feuerstein alleges that his residence is in the State of New York and that he maintains a "part-time" rental apartment in St. Thomas, V.I. Answer at ¶ 3.  In an affidavit filed in support of the motion for summary judgment, Feuerstein further avers that he has been admitted to practice law in the State of New York since 1978; was born in the State of New York; maintains his principal residence in the State of New York; his domicile and citizenship is the State of New York; owns numerous real properties in the State of New York; is the founding partner of the law firm of Feuerstein and Smith, LLP, which is located in Buffalo, New York, is a member of numerous professional organizations in the State of New York; pays income taxes to the State of New York.; received his driver's license from the

3

State of New York, maintains bank accounts and all his business accounts in the State of New York; and that it has always been his intent to remain in the State of New York   Aff. of Alan R. Feuerstein, Esq. at ¶¶ 2-9.  Based on these unrefuted averments, the Court concludes that Defendant is also a citizen of the State of New York.

In the Answer to the Complaint Defendant Capdeville admits that he is a practicing attorney who has offices at 201 Nisky Center, St. Thomas and that he resides in St. Thomas, V.I. Answer at ¶ 4.

Because Plaintiff and Defendant Feuerstein are both citizens of the State of New York, the Court finds that complete diversity was lacking at the time the Complaint was filed in 2007 and that the Court does not have diversity jurisdiction over this matter.

In the Complaint, Plaintiff also asserts federal claims under the Fifth and Fourteenth Amendments. Specifically, Plaintiff alleges he has been denied his right to "due process" and the "right to travel."  Complaint at  ¶¶ 5,8.  However, it is well-settled, that in order to bring federal claims under 42 U.S.C. § 1983, the defendants must have been acting under color of state law. As the Defendants in this case are solely private individuals and at no time were alleged to have been acting under color of state law, the Court does not have federal question jurisdiction over this matter.

Since the Court lacks subject matter jurisdiction over this matter, judgment is entered in favor of the Defendants and against the Plaintiff.

An appropriate order follows.